UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CHARLENE B. and SAM B.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil No. 2:25cv128 |

**FINAL ORDER**

Plaintiffs Charlene B. and Sam B. ("Plaintiffs") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of Defendant Commissioner of Social Security ("the Commissioner") to reduce Plaintiff Charlene B.'s supplemental security income benefits from October 2016 through May 2018. *See* Compl., ECF No. 3; *see also* Br. at 1, ECF No. 21. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by Order dated June 9, 2025 (ECF No. 12) this matter was referred to United States Magistrate Judge Lawrence R. Leonard for a Report and Recommendation ("R&R").

**A. The Motion for Default Judgment**

On June 9, 2025, Plaintiffs filed a Motion for Default Judgment ("the Motion for Default"). Mot., ECF No. 13. On June 24, 2025, the Commissioner filed its response in opposition to the Motion for Default. Resp. Opp'n, ECF No. 16. Plaintiffs

did not file a reply.

On January 30, 2026, Judge Leonard issued an R&R recommending that the Motion for Default be denied because (1) Plaintiffs failed to obtain an entry of default by the Clerk; and (2) the Commissioner timely filed the certified administrative record, which constitutes an answer to the complaint (the "First R&R"). R&R at 2–3, ECF No. 23. Each party was advised of the right to file written objections to the First R&R within 14 days. *Id.* at 3. Neither party filed timely objections.[1] Accordingly, the Motion for Default and the First R&R are ripe for adjudication.

"[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee's Note). Finding no clear error, the Court does hereby **ADOPT** and **APPROVE** the First R&R (ECF No. 23). It is, therefore, **ORDERED** that the Motion for Default (ECF No. 13) is **DENIED**.

### B. The Final Decision of the Commissioner

On July 7, 2025, Plaintiffs filed briefs in support of reversal and remand of the Commissioner's final decision. Brs., ECF No. 18–19. On August 4, 2025, the Commissioner filed a brief in support of its final decision. Br., ECF No. 21.

[1] Objections were due by Friday, February 13, 2026. On March 23, 2026, Plaintiffs filed untimely objections to the First R&R. Obj., ECF No. 27. Given the tardiness of Plaintiffs' objections and Plaintiffs' failure to demonstrate good cause for the late filing or to request leave of Court, such objections were not considered herein.

On June 15, 2026, Judge Leonard issued an R&R, recommending that the final decision of the Commissioner be affirmed and that this matter be dismissed with prejudice (the "Second R&R"). R&R at 2–3, ECF No. 28. Each party was advised of the right to file written objections to the Second R&R within 14 days. *Id.* at 12.

On June 22, 2026, Plaintiffs timely filed their objections to the Second R&R. Obj., ECF No. 29. On June 25, 2026, the Commissioner filed its response in opposition to the objections. Resp., ECF No. 30.[2] The matter is ripe for disposition.

In the objections, Plaintiffs contend that the Second R&R erred when it recommended affirming the Commissioner's final decision and dismissing the matter with prejudice. *See generally* Obj., ECF No. 29. The Court, having reviewed the record and examined the objections filed by Plaintiffs to the Second R&R, and having made *de novo* findings with respect to the portions objected to, does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Second R&R (ECF No. 28). It is, therefore, **ORDERED** that the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED WITH PREJUDICE**.[3]

---

[2] On July 28, 2026, Plaintiffs filed a second set of objections to the Second R&R (the "Second Objections"). Obj., ECF No. 33. Successive objections or sur-replies are not permitted. Given Plaintiffs' failure to demonstrate good cause for the filing of the Second Objections or to request leave of Court, the Second Objections were not considered herein.

[3] On July 15, 2026, Plaintiffs filed a Motion for Service by Court Clerk, requesting service of subpoenas to: (1) the Land Records Division of the Portsmouth Circuit Court; and (2) Portsmouth Social Services, in order to obtain documents that Plaintiffs believe will support their claim (the "Motion for Service"). Mot., ECF No. 31. On July 29, 2026, the Commissioner filed its response in opposition to the Motion for Service. Resp. Opp'n, ECF No. 32. It is not the province of a District Court conducting judicial review under 42 U.S.C. § 405(g) to conduct fact finding. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by

The parties are **ADVISED** that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is **REQUESTED** to mail a copy of this Order to all parties.

**IT IS SO ORDERED**.

/s/
Arenda L. Wright Allen
Senior United States District Judge

September 9, 2026
Norfolk, Virginia

---

substantial evidence, shall be conclusive....”); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (“Judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. §§ 301 et seq. [], is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied.”). The Motion for Service (ECF No. 31) is therefore **DENIED**.